IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY BASSETT,
      Plaintiff,

vs.                                  Case No.: 3:19cv3636/RV/EMT

MARK T. ESPER and DEPARTMENT OF
DEFENSE EDUCATION ACTIVITY,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on "Defendants' Motion to Dismiss, and/or in the Alternative, to Transfer Venue" (ECF No. 13) and Plaintiff's response in opposition thereto (ECF No. 17).[1]  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons set forth below, the undersigned finds Defendants' motion should be granted to the extent that this matter should be transferred to a proper venue.

This is an employment discrimination action, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 USCA § 2000e, *et seq.*  Plaintiff claims to have suffered race discrimination while employed as an instructor at Stuttgart High School, a

---

[1] Plaintiff is proceeding pro se.

school operated by the Department of Defense Education Activity ("DoDEA") in Stuttgart, Germany.   Plaintiff identifies three instances of alleged racial discrimination that occurred after he arrived at Stuttgart High School in early January 2017.  First, Plaintiff complains that he was assigned as a primary instructor and "permanent fixture in the classroom" (ECF No. 1 at 5) in a manner that violated a provision of Federal Cadet Command Regulation 145-2, which states:  "Ensure instructors share teaching responsibilities.  No instructor is exempt from teaching a fair-share of the LET POI.  Instructors should teach by expertise and preference in subject areas, rather than strictly by LET levels.  All instructors (SAI/AIs) are responsible for teaching the JROTC curriculum." (*id*. at 5, 9).  Second, Plaintiff claims he received a "spade" playing card when a deck of cards was distributed among staff to identify seating assignments and that a "spade" symbol was placed on "[his] folder as to where [he] was to sit," and he "was the only African American in the room as a teacher" (*id*. at 5, 11).  Third, Plaintiff alleges the "agency failed to announce the position of the basketball team [coach] at the beginning of school year [20]18–[20]19 to give ample time for [the basketball] team to be competitive as [the] agency did for other sport team[s] or white coaches" (*see id*.).  Plaintiff states as a result of these discriminatory acts he submitted a letter of resignation, with an effective date of January 2, 2019 (*id*. at 12).

As relief in the instant case, Plaintiff seeks "reinstatement in a government position stateside" with the same or greater pay and benefits, or lost wages (i.e., "2 years salary") (*id*. at 6).

Defendants have moved to dismiss Plaintiff's complaint or, in the alternative, to transfer venue, alleging venue is not proper in this judicial district.

Title VII's venue provision provides, in pertinent part, that venue for Title VII actions lies in

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).  As the Eleventh Circuit has observed, "[t]he venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).  "The plaintiff has the burden of showing that venue in the forum is proper." *Id.*

The court has carefully and liberally construed Plaintiff's complaint and response to Defendants' motion, *see, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (noting that "[i]n the case of a pro se action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"), and concludes that Plaintiff has not satisfied his burden of demonstrating that venue is proper in this judicial district.

As noted *supra*, the first provision of the venue statute provides for venue in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  In this case, the alleged racial discrimination occurred outside of the United States.  Not surprisingly, no party relies on this provision of the venue statute.  Rather, Defendants contend venue is proper in the Eastern District of Virginia, the judicial district in which both Defendants have their principal offices (noting that the DoDEA's employment records are maintained in Illinois, not Florida).  Plaintiff does not dispute the location of the records or principal offices indicated above,[2] but instead contends venue is proper in this

---

[2] Plaintiff does repeatedly note that he "completed" various employment forms in Florida, perhaps in support of an argument that the DoDEA's employment records are administered or maintained there, but any such argument misses the mark.  The question does not turn on where an employee completes employment-related paperwork but instead on where the employing entity maintains its records.  The DoDEA has offered unrefuted evidence that it does so in Valmeyer, Illinois (*see, e.g.*, ECF No. 13-1 at 3).

district, claiming it is "the judicial district in which [he] would have worked but for the alleged unlawful employment practice."[3]

Plaintiff's contention that he "would have" worked in this judicial district is refuted by the complaint.  In his prayer for relief, Plaintiff seeks a job "*stateside*," and in an attachment to the complaint dated February 5, 2019—or just one month after his resignation—Plaintiff stated he wanted his "job back with the Gov[ernment] *in a different location*" (ECF No. 1 at 6, 13) (emphases added).  That Plaintiff evidently resided in the Northern District of Florida when he initiated this action in October 2019, as indicated by the address he listed on the complaint, is insufficient to establish he "would have" worked in this district but for the alleged discrimination that occurred in Stuttgart, especially considering he now wishes for any like job "stateside" and previously requested a job in an unspecified location *other than* Stuttgart High School.  *Cf. Graham v. Spireon, Inc.*, No. 14-CV-00131, 2014 WL 3714917, at *2 (N.D. Ill. July 25, 2014) (finding venue proper in the Northern District of Illinois, as opposed to the Eastern District of Tennessee (one location of Spireon's offices), where "[t]he facts show that Graham was living and working in Illinois and would have continued to do so if he had not been terminated"); *cf. id*.,

---

[3]  In support of his argument Plaintiff repeatedly cites and relies upon *Graham v. Spireon, Inc.*, No. 14-CV-00131, 2014 WL 3714917 (N.D. Ill. July 25, 2014) (*see* ECF No. 17).

2014 WL 3714917, at *2 ("Pursuant to the venue provisions of 42 U.S.C. § 2000e–5(f)(3), it is sufficient that Graham offers evidence that he worked in Illinois and would have continued to do so if he had not been terminated."); *see also Pinson*, 192 F. App'x at 815–17 (Pinson failed to establish proper venue for his Title VII claims in the Northern District of Georgia where he was not employed by the Army in Georgia and failed to "me[e]t his burden to show that his employment records regarding the alleged adverse actions were maintained in Georgia or that, but for the alleged unlawful employment practices, he would have worked for the Army in Georgia").

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Defendants' Motion to Dismiss, and/or in the Alternative, to Transfer Venue (ECF No. 13) be **GRANTED**.

2.      The clerk of court be directed to forthwith transfer this action to the United States District Court for the Eastern District of Virginia for all further proceedings.

At Pensacola, Florida, this 12th day of May 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 63.**